Paul Hoffman, SBN 071244
John C. Washington, SBN 315991
Karen Kartun, SBN 357230
SCHONBRUN SEPLOW
HARRIS HOFFMAN & ZELDESLLP
200 Pier Avenue #226
Hermosa Beach, California 90254
Telephone:  (310) 717-7373
Fax: (310) 399-7040


*Attorneys for Plaintiff,*
*Kenny Wolf.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| KENNY WOLF, | Case No. 2:25-cv-1039 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | (1) 42 U.S.C. § 1983 – 4th Amendment Unreasonable Seizure |
| CALIFORNIA HIGHWAY PATROL OFFICER A. RINCON, CALIFORNIA HIGHWAY PATROL OFFICER SANDOVAL, CALIFORNIA HIGHWAY PATROL OFFICER LONGRIFLE, CALIFORNIA HIGHWAY PATROL OFFICER CARDER, CALIFORNIA HIGHWAY PATROL OFFICER SGT. RIVERA, DOES 1-10 et al. | (2) 42 U.S.C. § 1983 – 4th Amendment Excessive Force (3) 42 U.S.C. § 1983 – 14th Amendment Violation of Equal Protection (4) Bane Act – California Civil Code § 52.1 (5) False Imprisonment (6) Battery (7) Negligence |
| Defendants. | **JURY TRIAL DEMANDED** |

1

**INTRODUCTION**

1.    This case involves the false arrest and mistreatment of a decorated army veteran, Kenny Wolf, by the California Highway Patrol ("CHP") in February 2024.

2.    Plaintiff Kenny Wolf (Plaintiff, or "Mr. Wolf") was falsely arrested by CHP officers on the evening of February 9, 2024.  He was stopped on the claim that he was involved in street racing on Avenue G in Lancaster without any evidence that he had done so.  There was no credible reason whatsoever to believe he had committed any crime. Moreover, in arresting him in these circumstances Plaintiff, who is Hispanic, was treated differently from white drivers on the scene.

3.     Mr. Wolf was held in extremely tight handcuffs for more than two and one-half hours, during which time he lost feeling in his hands and suffered permanent damage to this wrists and hands.  Officer Rincon and others refused his repeated requests to loosen his handcuffs, and he was told that CHP policy was that such pleas for assistance for too-tight handcuffs did not require a response.  Thus, Mr. Wolf's injuries were substantially caused by CHP policies and practices.

4.    Plaintiff brings federal claims for relief arising under 42 U.S.C. § 1983, and supplemental state law claims.  Plaintiff timely filed a tort claim with the County. On September 25, 2024, Plaintiff's claim was rejected, and he was told he had six months to file a lawsuit.  This case is filed within that six-month period.

**JURISDICTION AND VENUE**

5.    This case arises under the Fourth and Fourteenth Amendments of the U.S. Constitution, and under California law.

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2) in that the unlawful actions challenged herein occurred in the Central District, and the defendants reside in the Central District.

## PARTIES

### A. Plaintiff

8. Plaintiff Kenny Wolf, an individual, is presently a resident of the County of Los Angeles, City of Lancaster.

### B. Defendants

9. The California Highway Patrol ("CHP") and DOE officers involved in unlawful acts alleged herein were all CHP officers or employees of the Antelope Valley CHP office acting within the course and scope of their duties. Defendants CHP officers A. Rincon, Sandoval, Longrifle, Carder, and Rivera, are each legally responsible and liable for the injuries alleged herein. These CHP officers are sued in their personal capacities for acts performed under color of law.

10. Defendant A. Rincon ("Rincon") is a CHP Officer who was the arresting officer and was the officer responsible for handcuffing Plaintiff and keeping him in overly tight handcuffs for more than two and one-half hours despite Plaintiff's pleas to have the handcuffs checked or loosened. At all times herein mentioned, Defendant Rincon was a CHP employee and was at all times relevant to this action acting in the course and scope of his employment.

11. Plaintiff is ignorant of the true and/or complete names and capacities of listed defendants sued herein as DOES and therefore sues these defendants by fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

12. Plaintiff is informed and believed and based thereon alleges that the acts complained of herein were done within the course and scope of employment by the various employees of the Entity defendants, and under color of state law. Plaintiff is further informed and believes and thereon alleges that wrongful acts and/or omissions

3

by any individual defendant, was done intentionally or malicious, or with reckless disregard for the rights of Plaintiff.

### STATEMENT OF FACTS

13.    On February 9, 2024, Mr. Wolf was driving to see his girlfriend in Lancaster, California, to have a romantic dinner.  He brought an unopened bottle of wine and Valentine's Day gifts with him for the occasion.  He drove a stylish car.  Mr. Wolf is a decorated military veteran.

14.    Mr. Wolf was stopped by Officer Rincon and other CHP personnel allegedly for street racing on Avenue G in Lancaster.  Although Mr. Wolf had observed some cars street racing several hundred yards ahead of him, he was driving slowly and clearly not street racing that evening.  Defendants had no probable cause or any reason to stop Mr. Wolf for this or any other reason.

15.    Officer Rincon conducted a custodial interrogation of Mr. Wolf without giving him any Miranda warnings.  When asked if he had any weapons, Mr. Wolf told CHP officers that he had a registered firearm in the back of his car.  The weapon was registered in North Carolina, where Plaintiff had been stationed in the armed forces, and was a type of weapon only held by military or former military members.

16.    Even though Mr. Wolf's firearm was registered, and he had not been street racing, Officer Rincon and other CHP officers arrested him and took him into custody that evening.

17.    During this encounter Mr. Wolf was kept in overly tight handcuffs for more than two and a half hours.  He asked Officer Rincon several times to loosen the handcuffs because he was in extreme pain and losing feeling in his hands.  Officer Rincon refused to loosen his handcuffs even though it would have been easy to do so. In fact, Officer Rincon insisted that he did not need to loosen the handcuffs under CHP policy.

4

18. Mr. Wolf was released from custody on the morning of February 10, 2024. He was wrongfully charged with weapons violations related to the firearm recovered during the unconstitutional search of his car.

19. After several months of continuances granted due to the CHP's failure to produce the requested dashcam video, the DA offered dismissal of all charges in return for Mr. Wolf's participation in just three months of informal diversion, which required only that Mr. Wolf obey all laws. Due to the charges, Mr. Wolf faced dismissal from his licensed vocational nurse ("LVN") training program. Even though he was wrongfully arrested, and his defense team was preparing a 1538.5 motion to suppress, Mr. Wolf accepted the offer

20. All charges were dismissed on January 6, 2025.

21. Mr. Wolf suffered bilateral wrist and tendon damage, numbness, and loss of sensation in his hands. Mr. Wolf has incurred medical bills related to these injuries and requires ongoing medical treatment. His injuries may limit his ability to work as an LVN.

22. On August 8, 2024, Mr. Wolf filed a tort claim against the CHP and the State of California, which was denied on September 25, 2024.

## CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983
### (Fourth Amendment – Unreasonable Seizure)
(Against All Defendants)

23. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth in support of this claim.

24. Mr. Wolf was arrested without probable cause in violation of the Fourth and Fourteenth Amendments.

25. As a proximate result of Defendants' acts and omissions, Plaintiff was

arrested and detained without probable cause and suffered fear, anxiety, humiliation, and emotional distress.

26.   Defendants' actions were malicious, oppressive, wanton, and taken with deliberate indifference to Plaintiff's rights, justifying an award of punitive damages against the individual defendants.

## SECOND CLAIM FOR RELIEF

## DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

## (Fourth Amendment – Excessive Force)

(Against All Defendants)

27.   Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

28.   Defendants kept Mr. Wolf in overly tight handcuffs for more than two and one-half hours despite his repeated requests that his handcuffs be loosened to avoid such pain and permanent injuries.  The application of such overly tight handcuffs constituted excessive force under the Fourth and Fourteenth Amendments and was undertaken with deliberate indifference to Plaintiff's constitutional rights and with a purpose to harm him.  There was no law enforcement justification for keeping him in overly tight handcuffs for so long.

29.   As a proximate result of Defendants' acts and omissions, Plaintiff suffered fear, anxiety, humiliation, and emotional distress.  He has also suffered permanent damage to his hands, including nerve damage which may require surgery and extensive future medical treatment.

30.   Defendants' actions were malicious, oppressive, wanton, and taken with deliberate indifference to Plaintiff's rights, justifying an award of punitive damages against the individual defendants.

**THIRD CLAIM FOR RELIEF**

**DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983**

**(Fourteenth Amendment – Violation of Equal Protection)**

(Against All Defendants)

31.   Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

32.   Plaintiff is Hispanic.  Other drivers were stopped by CHP officers at the scene on the evening of February 9, 2024.  White drivers were treated with respect and allowed to continue on their journeys.  Defendants treated Plaintiff differently and less favorably because of his race.  Defendants' erroneous belief that Plaintiff had engaged in street racing was based on his race and racial stereotypes held by officers rather than evidence and facts.  On information and belief, Hispanic males are frequently subjected to unconstitutional stops and other actions by CHP officers stationed in Lancaster.

33.   As a proximate result of Defendants' acts and omissions, Plaintiff was arrested and detained and suffered fear, anxiety, humiliation, and emotional distress.

34.   Defendants' actions were malicious, oppressive, wanton, and taken with deliberate indifference to Plaintiff's rights, justifying an award of punitive damages against the individual defendants.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF CALIFORNIA TOM BANE CIVIL RIGHTS ACT**

**(Cal. Civil Code § 52.1)**

(Against All Defendants)

35.   Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

36.   As alleged here, Defendants intentionally interfered by threats, intimidation, and/or coercion with Plaintiff's exercise and enjoyment of rights under federal and state law and under the federal and state constitutions, including, without

7

limitation, the right to be free from excessive force and the right to be free from unlawful detention. Specifically, Defendants committed this misconduct by (1) stopping, detaining, and arresting Plaintiff without probable cause; (2) applying handcuffs in an overly tight manner causing Plaintiff pain and injury; (3) refusing to loosen handcuffs when Plaintiff made it known he was suffering; and (4) claiming that CHP policy did not require handcuffs be adjusted to prevent harm.

37. As a direct and proximate result of the aforementioned acts, omissions, customs, practices, policies and decisions of Defendants, Mr. Wolf suffers and will continue to suffer great physical pain and numbness in his wrists and hands, which may impair his ability to work as a nurse.

38. The individually named and DOE defendants acted under color of law both separately and in concert. Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrant imposition of exemplary and punitive damages against Defendants.

## FIFTH CLAIM FOR RELIEF

## FALSE ARREST/IMPRISONMENT

## (Cal. Gov. Code § 820 and California Common Law)

(Against All Defendants)

39. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

40. Defendants arrested and/or intentionally caused Plaintiff to be arrested. Defendants did not have probable cause to arrest or detain Plaintiff.

41. As a proximate result of Defendants' acts and omissions, Plaintiff was arrested and detained and suffered fear, anxiety, humiliation, and emotional distress.

42. Defendants' actions were malicious, oppressive, wanton, and taken with deliberate indifference to Plaintiff's rights, justifying an award of punitive damages against the individual defendants.

8

## SIXTH CLAIM FOR RELIEF

## BATTERY

## (Cal. Gov. Code § 820 and California Common Law)

(Against All Defendants)

43.    Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

44.    Defendants intentionally held Plaintiff in overly tight handcuffs for more than two and one-half hours, causing him extreme pain and permanent injury.  This unconsented to treatment constitutes battery in violation of California law.

45.    As a proximate result of Defendants' acts and omissions, Plaintiff was arrested and detained and suffered fear, anxiety, humiliation, and emotional distress, feelings which continue given Plaintiff's reasonable concern that he may continue to be falsely arrested in his home or elsewhere without any warning.

46.    Defendants' actions were malicious, oppressive, wanton and taken with deliberate indifference to Plaintiff's rights, justifying an award of punitive damages against the individual defendants.

## SEVENTH CLAIM FOR RELIEF

## NEGLIGENCE

## (Cal. Gov. Code § 820 and California Common Law)

(Against All Defendants)

47.    Plaintiff hereby incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

48.    At all times each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

49.    At all times each Defendant owed Plaintiff the duty to act with reasonable care.

50.    These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

9

        a.      To refrain from using, or causing to be used, excessive and/or unreasonable force against Plaintiff;

        b.      To refrain from causing Plaintiff to be wrongfully arrested and/or detained;

        c.      To use generally accepted police procedures and tactics that are reasonably necessary under the circumstances;

        d.      To refrain from abusing the authority granted to them by law; and

        e.      To refrain from violating Plaintiff's rights guaranteed by the United States and California Constitution and by California statutes, as set forth above, and as otherwise protected by law.

51. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.  As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to his wrists and hands and damages, and is entitled to relief as set forth in the paragraphs above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests relief as follows:

52. The award of general and compensatory damages against all Defendants, jointly and severally, in an amount according to proof at trial;

53. The award of punitive and exemplary damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

54. The award of any and all other damages allowed by law according to proof to be determined at the time of trial in this matter.

55. For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands that a trial by jury be conducted with respect to all issues presented herein.

Dated:  February 6, 2025

SCHONBRUN SEPLOW HARRIS

HOFFMAN & ZELDES LLP

By:  /s/ Paul L. Hoffman

Paul Hoffman
John C. Washington
Karen Kartun
Attorneys for Plaintiff,
Kenny Wolf

11